Case No. 11-1008, Gina Fischetti v. Village of Schaumburg Good morning, Your Honor. Jim Newman on behalf of the appellant, Gina Fischetti. Good morning, Your Honors. Pat Siegel on behalf of the Village of Schaumburg, with my colleagues for the call of the night, Mark Kirkland and Andrew Mills. May it please the Court, the issue before this Court is whether the Village of Schaumburg's ordinance, Section 78.02, can adjudicate a moving violation under the Motor Vehicle Code in an administrative process. That is the issue before this Court. Well, let's put it this way. That is very specific as to the issue raised under the specific facts of this case. But on the other hand, the issues are substantially similar in many of its aspects, where the violation is not arguably a moving violation, which would then include parking violations, and which were then the product of some review by this Court in Van Harken and by Justice Posner in the Idris case. And I presume that you're not arguing the federal constitutional issues that may be involved. You're only arguing the state. Is that right? That is correct. Reminding me, for example, of what the Ambassador to the Court of St. James said in response to a pair of trousers being provided for the Queen, and it was quite embarrassing, and it was resolved by saying that the Queen has no legs, which was a diplomatic way of declining the gift. And that's basically what you're saying, that even though the statute provides that it's a non-moving violation, it nevertheless, for the reasons that I'll let you dwell on, remains a non-moving violation. Yes, and if I can respond with my own old saying that my grandfather taught me, if it looks like a duck and quacks like a duck, it's a duck. That's what we have here. Well, the question is, if it moves like a statute and reads like a statute, then it's a statute. And a statute is the determinant of what it is of the construct that we will be dealing with. And that's exactly where I'm going. Because when you look at the 78.02, which is the ordinance that we're talking about here, the Chauvin ordinance, and you read the ordinance, and I'm going to read it in the record because there's something that's very important here. It says, it shall be a violation of this chapter for a vehicle to disregard a traffic control device or turn unread in violation of Section 11.306 of the Illinois Motor Vehicle Code. Well, do you think that 306 has life without 108? Does it exist as a juridical directive without 108 being there to control its interpretation? Certainly it has its own life. And when you look at that, that's the point. Why would it have its own life? Is it just there for its verbiage or is it there for its legal interpretation? It's there to let citizens know what conduct they are committing. Okay. So you're bringing in the fact that there is a notice deficiency. Yes. Rather than a definitional deficiency as such, you would say, well, if definition is preordained by virtue of 108 being superimposed and also being declared in the ordinance in the whereas clauses, you know, so that the ordinance itself is not oblivious or doesn't pretend oblivion to 108, but that nevertheless it's insufficient notice to the defendant to provide for 306, which requires drivers to be chargeable to the offenses of traffic's color. And that as such, it should also indicate that it is subject to, that the 306 violation is subject to the 108-6J definition. Is that what you're saying? Not exactly. Okay. Let me, let me, let me. You're 306, I think, when you talk about definition, I think the ordinance itself, the Chambers ordinance itself is perfectly well-defined. And it's defined because it incorporates a criminal statute, which is 11-306, the motor vehicle code. And so when one were to look at the, if you look at the, whether it's this bench, whether it's an attorney, whether it's a person driving down the road, if one were to look at the ordinance and try to figure out what can I do and what can I not do, the process would be the same. You read the ordinance. The ordinance makes reference to 11-306. The next step is to go to 11-306. 11-306 very clearly, and there's no argument otherwise, only applies to drivers and pedestrians. Out of context, it does.  I don't think that's out of context. 11-306 has a legal significance. Its legal significance may be impacted by whatever other statutory modifications would apply to it, or for that matter, judicial construction that may apply to it. Would there be a requirement that one lists all of the cases adjudicated on 306, defining and refining and fine-tuning its application? Not at all. But the 108 has to be incorporated within the statute. If the notice is, this is the statute that you're violating, it presumes that the recipient of this ticket, either by himself, or if he could afford it, by the lawyer that he's going to hire, if that's what he's going to do, to research the statute. Well, let's go back to the original ordinance, which is 78.02. It shall be a violation of this chapter. 78.01, why don't you start at the very beginning? That's really what we're talking about, 78.01. Well, 78.01 defines an automatic traffic law enforcement system. You've kind of thrown that away, but it's actually there. That must be read together with 7.802, 7.803, 7.804, and all of the other provisions. You cannot take one out, separate, and not read the others in conjunction. Can you? Well, I think to some degree you can. But even if you do read that the way you're reading it, if you read the definition of an automated traffic law enforcement system, which is the very first definition, and this is an important point, there is no reference whatsoever to this other statute that you're relying upon. There isn't any reference to any statute for the violation or the definition of the violation. If we go to 11.306, we cannot ignore all the other provisions that are in our material with 11.306. You've chosen to disregard them. But a reference to 11.306 must also be read in conjunction with all of the other provisions of the Illinois Vehicle Code, three of which were specifically amended to address automated traffic law enforcement systems. So you're ignoring them, even though you're saying that they're not incorporated by reference in here. But indeed they are, because when we read a statute, we can't ignore all the other provisions that apply. Well, I don't think any other provisions do apply, because when you're dealing with this type of violation, the violation of 11.306 and 11.305 is very specific. 11.306 defines red light, yellow light, green light, tells you exactly what you need to do. But importantly, and I'm quoting from here, it says that it shall apply to drivers of vehicles and pedestrians. It doesn't say it shall apply to automobiles, and there's no case now in any state in the United States that a car can get a ticket for a moving violation. Counsel, would you read that provision again for me, please, or point me to the page, because I think the specific language is significant. 7802? Yeah. That's on page 854 of the appendix. Yeah. That's what I'm reading. Mr. Newman, though, can't the legislature, in its wisdom, define or change what a moving violation is? Well, yes, they can. Then the problem that you run into is the constitutional aspect of it, and that's really what this issue is about, because if you're going to allow somebody to get a traffic ticket on Main Street, and they get it from a police officer, and then on First Street, for the same exact violation, they get a ticket through a red light camera, you've created two classes. They don't even be listed in there. It's in your brief. Oh, yes, it is in my brief. It is in my brief. You're creating two classes, and even to be more specific, the statute in this case. This is not a traffic ticket, is it? Yes, it is. Isn't this a civil penalty? Well, it's not a civil penalty for a couple of reasons. Well, wait a minute. We're not finished with this issue before you segue into the question of whether it's civil or criminal, which is an independent, which has its own weight to be considered. But the statute, the ordinance, talks about violation. That's a key phrase. You don't violate words. You violate a statute that has the force of law. Correct. Okay, the statute that's being violated in 306 is the one that has the force of law, which carries with it the interpretation and modification provided under 108. It's not just the use of words borrowed from the context of a statute, which is what is providing the notice here. It's the statute in its full legal significance. And consequently, you cannot violate it by ignoring 108, because if you're charged with a violation of 306, it will be subject to whatever statutory modifications would have applied to it. And when you're charged with the ordinance that has you look to 306 to see if you violated it, it carries with it the specific provisions that provide modification. So that while it may be a moving violation to a physicist or to a mechanic, it's not a violation to a lawyer, and arguably at least, and we haven't bottomed out anything here, it's not a violation to a judge, because we're dealing with a juridical concept here. We're not dealing with a physical concept. And I'd have to disagree with that, because the violation is the moving of a vehicle through a red light, failing to stop. And when you look at the violation of 306, you don't violate 306. If 306 is, you don't violate 306 as a moving violation. If 306 is, by statute, a static violation. But it's not. It is a moving violation. Not under 108, 208-J-6. Well, they've attempted to create what I'll call an exception to it. Ignorable outside of the issue of notice. Yes, for a couple of reasons. One, because the original point that I made here, it's no more to look at. Any time you're looking at 306. Let me interrupt you for a moment so we're clear here. Supposing 306 stated that if you have a moving violation, you're subject to license suspension if you have more than three. Okay? Similar to probably what is enforced. And you have a statute that says, collaterally, that 306, to the extent that it's operable, it says that for purposes of 306, running a red light is not a moving violation. Okay. So that, consequently, someone that gets charged with 306 running a red light, you know, can claim no violation and, consequently, no license suspension upon repetition. Would there be anything unconstitutional about that? Be careful with your answer, because we're listening with a careful ear. It's unconstitutional to the extent that if it creates two penalties, two different penalties for the same conduct. And that's what this statute says. Well, you're, I think, with all due deference, that's kind of evasive. Because the context that we're posing this question in is to determine whether you can legitimately claim that 306 has a life, as a statute, independent of the interpretation provided by other statutes, including 208J6. So I'm asking you if this were not a notice question of whether it sufficiently notifies the recipient, whether there would be any other impediment to including the modifications of 108 in interpreting the operative impact of 306. 208. 208. Yeah. 208, with all due respect, 208 doesn't interpret 306. 208 actually takes the definition of 306 and inserts it into the conduct which is prohibited. Thank you, you've made my, you've clarified my point. Well, that is my point, because 306, when you look at 306, you have to look at what conduct is prohibited. In 306, is the conduct prohibited by a driver or by a vehicle? Driver. Yes. And the automated traffic law enforcement system is not a violation by a driver, is it? It is not. That's what creates the problem, because they use... That's what creates the difference. Yes. That's what makes the automated traffic violation different from 11306. And with all due respect, Your Honor, I vehemently disagree with that, because... I mean, they're two different words. There's no question that driver is not the same as vehicle. There's no question that the legislature has chosen to subject a vehicle to the automated traffic violation law enforcement system, as opposed to a driver under 11306. And if they had done that, then we probably wouldn't be here. But what they did is actually... You have a separate argument, claiming that there is confusion, and that there may not be any violation involved in 306, because of the fact that 306 refers to the colors of the light being applicable to drivers and not to vehicles while the ordinance operates on vehicles. I'm not, at this point, challenging that, because that's an independent argument. And that's one of the due process arguments. The problem, if you want to say the problem, is that these arguments are all intertwined together because of the way that this statute is written, the way the ordinance is written. Because it incorporates a pre-existing statute. That is what creates the problem. And with Justice McBride's example, if they did incorporate 11306, and the standard was... Let's say the ordinance was rewritten, and it said if a vehicle runs a red light, we probably wouldn't have that problem. But they incorporate 11306. What you have to do, what we have to do, as lawyers and what the system has to do, is look at 11306 and say what conduct is prohibited. And 11306 says that as a driver of a vehicle, I can't do this. Nowhere in 11306 does it say as the owner of a vehicle... As long as you recognize that you're segueing, that this is not the same argument. It's another argument, and you're welcome to proceed there. But don't create a massive confusion by combining these various arguments that have no reflection in the legal analysis. You want to keep going back to 208, but 208 isn't incorporated in that. If, for example, the statute said in violation of 208, and 208 was clear, but it doesn't. The ordinance, of course, makes no reference whatsoever to 208, and that's what this panel seems to be for. 208 says this, 208 says that. But the ordinance doesn't say 208. You're going to be behind this panel for years to come. This is our requirement, and you have decided in a case to suggest that this ordinance has to incorporate every provision of the 11306 Vehicle Code. Not at all. What I did cite is cases that say that an ordinance has to be clear on its face, and one that's reading it has to understand what wrongful conduct is prohibited, what they can and can't do. This is not. This does not satisfy that. And I want to address one other question, because you would ask, and you talked about whether this is a civil versus criminal. And Chandra Barney, who's in the statute, says it's civil and civil, but there's more to something.  I said there's nothing to tell someone what they've done wrong. All right? Now, 7801 says a device within the village with one or more motor vehicle sensors working in conjunction with a red light signal to produce recorded images of motor vehicle entering an intersection against a steady or flashing red signal is in violation of. How can you say that someone doesn't know that if they go through a red light and a camera takes a picture of them that they've violated the statute? It says right there. That's what happens. If you go through a red light violation and a camera records you or the vehicle doing that, you have committed a violation. It couldn't be clearer than it is. It says exactly that. You're saying that someone can't read this and understand what it is, and yet I've just read it and I don't think there's anything about it that's unclear. It tells you you cannot go through a red light. You do it with a camera capturing the vehicle that you have violated the shopper ordinance. And if you're reading the first definition, I think... Yes, I am. I am reading it. What I'm reading here says a red light indication in violation of Section 11306. Yes, which means a red light, a red light. Either flashing or a steady. It says a steady red light. If you go to 11306, 11306 on its page, and it's clear on its page, and it's not really subject to interpretation, it says applies to drivers of vehicles and pedestrians, not motor vehicles, drivers of vehicles. With all due deference to Justice McBride, I'm not that clear on that with respect to that argument, that it doesn't have some validity. And I certainly would want to hear from Mr. Siebel about that argument. Because someone who reads 306 can very well say, well, I don't have to worry about hiring a lawyer here. All I have to do is bring my wife or somebody with me who will show that I wasn't driving the car that day. And this applies to drivers. So then it becomes a question of what the standard is that you would need, and to what extent the statute is otherwise clear, notwithstanding the fact that 306 purports to apply to drivers. But I'm also going to throw a question out to you that is not that much of a softball, which my previous comment was. Why can't you read 306 to say that there is a driver here? The charge may be against the vehicle owner, but it's based on someone driving that car through the light. And that's all that 306 purports to say, that it applies to drivers so that if, for example, a truck comes along and pushes your car through a red light, you're not in violation. You're only in violation if somebody is behind the wheel. But that doesn't mean you can't charge the vehicle owner for that violation. I'll answer that question this way. Let's go back ten years before the statute, the red light statute, applied. And we're just dealing with 306. Someone were to get a ticket under 306. One, they have a right to a trial by jury, established by the Illinois Supreme Court. At that trial by jury, the burden is on the state to prove, under the statute, the charging offense, which is the driver, which is what this says. In a form of defense to such a claim of running a red light, if the state says, you were in a red light, say, I didn't run a red light. I was in China at the time. Here's my passport. Here's an affidavit. Can you prove you're in China? Guess what? You're done. There is no liability. And there's no state in the United States that gives a ticket to an automobile. But the consequences of the violation ten years ago would be a mark on the driving record, as opposed to this, which is basically pay the fine and you're done. Or lose your driver's license. That's what makes it penal. What is your driver's license when? After. After how many violations? Unpaid. One. No. All right. Your Honor, with all due respect, if you don't pay this ticket, you lose your driver's license. That's penal in nature. If it was civil, if it was civil in nature. Where is it in 78? I thought it was five or more. Where is it in 78? No, it's under, not in 7801. It's under, it incorporates it. Mr. Newman, you are now, you realize, taking on certainly Justice Posner and also, I think, Justice Hoffman. Because those are issues. They have a certain, you know, certainly, logically, they have substance. But they've been adjudicated. You're talking about the things that were adjudicated unrequitedly with Justice Posner. I don't think you have to buy his whole cost-benefit theory to say that as an administrative proceeding, the approach of not making the violation depend on an intentional act, a concerted act by the violator, that there is a rational basis for loosening that requirement based on the fact that it can still have a purpose in deterring the use of an owner in selecting those to whom he will choose to allow his car to be operated, so that if his teenage kid is going to do that while he's going to a beer party, the idea of subjecting the owner to liability is not irrational. And there is no suspect class involved here, so that the constitutional test would be rational basis. So we're not simply picking the vehicle owner because he has the money or because he is an apt subject of coercion. But rather, he has some control over how that car will be used. At least Justice Posner adheres to that theory. Justice Posner, we like to separate ourselves from him on some of his economic theories, but he's got a fine mind. He may not be number 50 in the smartest people in the United States, but certainly he's in the top, as he would have it, but he certainly would be in the top hundred. Oh, I wouldn't disagree with that. The issue is you're dealing with a statute here, and I don't judge Justice Posner's position on that. I understand it, but you have to apply the facts of this case to the statute that we're dealt with, not some hypothetical what could be, what should be. We have a statute here that the legislature has drafted, and this Court is bound to enforce the statute as written. I want to touch upon another bit because I know I'm going to be running out of time very soon. I think you're on the time. One would say you've run out of your own time. You're now on borrowed time. The other issue, which is the equal protection due process issue, is the right to a trial by jury in treating people differently. I pose this in the brief. I pose this all along. What the statute does is create a class of people who get a ticket on this particular intersection in childbirth that don't have a right to a trial by jury, don't have a right to confront their accusers, don't have a right to a presumption of innocence, because there is no presumption. In fact, the presumption is the other way here. That's the administrative hearing issue that's really already been fully discussed in Justice Hoffman's opinion. Why don't I give you two minutes of safe conduct? If that's okay with the panel, I'll commit to that. If you look at 11-208-6J, that is an exception to the enforceability of the red light provision. And what exactly is that? If the ticket that you receive from the red light ticket was also given by a police officer, they're drawing a distinction, and that's a distinction which violates due process and equal protection. You cannot treat two people for the same offense differently. And just because I got a red light ticket and you can't deny me the right to jury when my neighbor went through the same intersection and got a ticket for the exact same offense, the violation of 208, and he gets a trial by jury, a presumption of innocence, a right to confirm his accuser, all of those things are available to someone who gets a ticket by a police officer. We haven't shown at all that that's even occurring at any time. You haven't shown that in this particular intersection that there are people being issued these citations. You've never shown that. There's nothing in the record to suggest that. It's in the order. There'd be no way for me to even find that out. It's in the ordinance itself. Well, I think according to your own interpretation it is. Well, the equal protection argument, I think our Supreme Court has addressed that. It's subject to the same standards as due process. And we're not dealing with a suspect class here. There's no gender or racial discrimination involved here. It's only subject to a rational basis test. And the fact of the matter is that there's a difference in treatment in addition to the fact that the owner of the vehicle is liable, as opposed to only the driver being liable, being the distinction in treatment between a policeman's ticket versus a photograph. By the same token, the charge derived from the photograph won't lead to license suspensions. Okay? It won't be nearly as expensive or necessarily as time-consuming. And it also allows for more expedient controls to be asserted, and coupled with the fact that there is no law anywhere that you've pointed to, and in my experience, I haven't found it, that says you can't have two different statutes or two different regulations controlling the same behavior. Well, I've pointed out case law that says it's not two different statutes, it's the same conduct. It's not the same conduct because one involves a driver, one involves a vehicle. One is classified as a therapeutic violation, a misdemeanor, or class A, B, C, or petty offense. The other is what we call a civil violation, civil fine only. They're not the same. And there's no law that there's nothing that you've cited, and the Idris case and the Van Harpen case make a point of articulating, and I think one of them speaks to this, that the state is not inhibited from converting a criminal act into a civil act. Let's pose it this way, and we can maybe agree on this. If, under all circumstances, Gina Fischetti in this case did not violate 11306, let's just assume that for sake of argument here. If she did not violate 11306, could she have received this ticket? No. It's 11306 which is the crux of this. It's that violation. If Gina was the driver of the vehicle, could have received that ticket. Okay. The driver of Gina Fischetti. Gina Fischetti wasn't driving the car. If nothing, under the circumstances, If nothing, driving the car, she could not be subject to 11306. There is nothing in 306 that prohibits an expansion of the violation to embrace the vehicle owner. Well, no, to your respect, that's absolutely false. The statute itself says that. That's a lie, and I want you to know, but I won't hold you to that. Do I have just 30 seconds to answer this question? I'll tell you why. Because the statute, you have to interpret the statute as written. Your Honor, you've been on the bench a long time, you can't expand the statute when it specifically says it applies to drivers of vehicles and pedestrians. If the legislature wanted it to apply to motor vehicles, they would have said so. That's standard statute. But it always simply makes the owner absolutely liable. It is not. I'm sorry. The legislature has said so in 208. If the legislature wanted to take 306A, which applies to drivers, and had 306B and had it apply to vehicle owners also, there would be no problem. You would then not be able to argue, well, take your choice. We either go for the vehicle or you go for the driver. You just said, and I'm not going to hold you to it, that the legislature could have, well, they said so in 208. And that's the argument why you can't do it, because if the legislature wanted to do it that way, they would have done it that way, and instead they didn't. And when you look at that section I pointed out, which is section J of 308, they drew the exception. They wanted to leave that to the municipalities so they can make a little extra money. And thank you, because that's my closing point. That's what this statute is about. This is all about the vote of Chicago, the city of Chicago, and the city's making money. The studies show, and almost every study shows, that this has nothing to do with safety. It's about money. Thank you. We'll get some time for rebuttal. May it please the Court, just to refer to the last statements. I think the Seventh Circuit has recognized the fact that a few dollars may be made if it doesn't invalidate a constitutional statute. Drivers, please bear in mind what this case is really about. It's a summary judgment involving claims by the plaintiff. And what are the claims? I wanted to ask you something about summary judgments, Mr. Siegel. Is a summary judgment really appropriate in an administrative review proceeding where you don't hear evidence at all and it's all based on the pleading, actually, isn't it? Well, I think, Your Honor, it's really basically a pleadings motion rather than a fact motion, isn't it? Your Honor. Claiming that the complaint is insufficient. When the complaint and the answer leave nothing but legal issues. That's a pleading motion. Pardon me? Then it's really a pleadings motion rather than a fact motion. Your Honor, the plaintiff chose, as the statute says, administrative review. The statute is quite specific on that. Now, we talked about the question as to whether or not a declaratory judgment was also appropriate. There's two counts here. It really doesn't matter because the issues are purely legal, whether it's administrative review or declaratory judgment. And the three issues which they raise and which they totally ignore are the fact, due process, which clearly under Idris, under Van Harken, both state and federal decisions say there's no violation of due process. Well, technically, the federal case is not directed at state law, although Justice Posner couldn't resist speculating that there would be lockstep on this issue. But in point of fact, there need not be lockstep. Well, obviously, the federal court generally defers to any state claims. And that's what happened in both Idris and Van Harken. Van Harken, as Your Honors well know, went forward to this court. And this court clearly held that the Van Harken decision did not violate due process or equal protection under the Illinois Constitution. And that is what is controlling here. Well, Van Harken didn't consider every issue, right? No, it did not. Van Harken was limited to the question of whether administrative adjudication was appropriate. Most of the issues in Van Harken weren't even raised. Separation of powers, which seems to be the dominant one. And that was hardly whispered in this case. It wasn't raised in this case. Moreover, if you look at the pleadings in this case, they don't even talk about the statute. And you have to look very hard in their brief to find any reference to the statute. Now, the Schomburg Ordinance, like all the municipal ordinances, tracks specifically the language of the state statute. Now, the state, the plaintiff here argues they're denied trial by jury and due process. Now, due process argument, I think, goes out the window. Because both the federal and the state cases indicate there's no violation of due process here. Well, none of those decisions are binding. Federal certainly isn't. It may be persuasive. And as much as we respect Justice Posner and as much as we respect Justice Hoffman, technically we're on our own. Absolutely. And that doesn't bother me. As I look at these three justices, that doesn't bother me. But the question is, what's the rationale? Why isn't there a violation of the notice requirement if the reference is to a violation of a state statute that doesn't encapsulate the violator? Because, first of all, under the red light statute, they put up signs saying before you even get to the intersection, this is controlled by the red light. That is clear positive. But 306 applies only against drivers. Why should the owner of this vehicle, if she weren't the driver, be put to sleep by the language of 306, which only goes after the driver? Well, because she's entitled to rely upon all the statutes, all the ordinances. You can't pick out one and say. Yeah, but this ordinance specifically refers to 306 as the operative violation. It's the act. It's the act which is described. What the red light statute does is give the obligation to the owner of a vehicle when the act of violating a red light takes place. That's what it is. That's how 306 is. 306 describes an act. The fact that under 306 the driver may be responsible doesn't change the fact that when that specific act takes place, the owner is responsible under the subsequently enacted statute. Now, your honors are well aware. The question is whether that kind of subtlety in construing the reference satisfies due process. Well, of course it does. The Idris found it did. And certainly this court found with respect to administrative remedies that it did. Well, that was not involved in the other decisions which were parking violations. The point is in the Seventh Circuit opinion in Idris, the remark is made that a photograph may be the best evidence. The best evidence. And counsel would obscure what this case is about. They didn't argue anything. They talked about equal protection because they're entitled to a cop on a motorcycle or an automobile. Now, they can't choose the method of enforcement. The Minnesota court in Coleman was not as dismissive of that argument. Well, fortunately we're not in Minnesota. The legislature in Illinois may be. Fortunately for whom? It depends on the weather, your honor. But the point to be made is that the arguments in this case were threefold. We lacked jurisdiction. Well, of course we lacked jurisdiction because the statute gave it to us. So that argument goes out the window. They talk about equal protection in due process. That goes out the window because the case law is absolutely clear. They then talk about trial by jury, but the Supreme Court, Monmouth, Keith, made it perfectly clear that the trial by jury provision in the Constitution refers to what was available for trial by jury under the common law, the language in the government. But the common law is broadened with respect to criminal acts. You can have a criminal act such as doing something where you're intruding into the hard drive of a computer, which is its own crime, and that will be entitled to a jury trial, notwithstanding the fact that computers only existed in the textile mills in Elizabethan times. And the red lights didn't exist in 1870. So it would be necessarily included. Now, follow that with another layer of argument, which is that criminal acts for purposes of jury trials are not necessarily dependent on the name you give it. So that if it carries a penal sanction, albeit disguised as a civil one, the right to trial by jury will still not be penetrated. Except, Your Honor, that the legislature, in the first instance, makes the determination as to what is a criminal act. Specifically, in this statute, these are civil penalties, no question about it. Can your license be suspended if you don't pay the fine? That's what it provides. Under the Joppa or the Illinois vehicle code or both? Under the red light statute. And bear in mind, again, our ordinance tracks. Are you talking about 11306? Under 11306? I'm asking you whether your license can be suspended for nonpayment of the civil fine. Yes, absolutely. Both under the state statute and under the Schomburg ordinance. That was a decision which was made by the legislature. Now, the fact of the matter is, whether you like red light cameras or don't like red light cameras, the only issues here are constitutional issues. And there's never, ever been a right to have a jury before the administrative hearing when the Secretary of State moves to suspend someone's license. Well, not that I'm aware of. The whole administrative review of it. There's case after case after case that provides for the right to trial by jury for the lowly parking violence. Absolutely. If they are, in fact, penal. And the question is whether calling them civil removes that characterization for purposes of the Sixth Amendment. Driving on a suspended license, where you're charged with driving on a suspended license, is a misdemeanor offense. However, the Secretary of State enjoys the power to suspend driver's licenses for conduct in violation of the statute. And there never, ever has been the right to a jury trial in an administrative proceeding to suspend someone's license because they have had multiple offenses or because they failed to pay fines or they haven't renewed their driver's license. So, there's never, ever been the right to a jury trial in an administrative proceeding designed to suspend someone's license. So, this is not, there is no right, whether the statute allows for the suspension of a license by the Secretary of State. There is not, nor has there ever been, any provision for a jury trial under those circumstances. And I'm not aware of any, and I don't think anyone can debate that today. Well, what it hangs on, I suppose, the right to convert what would be traditionally criminal into something civil depends on the severity of the sanction, at least according to Posner's analysis. According to Posner, $100, $100. A driver's license suspension meets the severity of the sanction. What? A $100 fine, maybe. Yeah, but the Seventh Circuit. License suspension. But the Seventh Circuit says a $100 fine does not rise on a level. But license suspension. Sure it does. This person was never charged with rising on a suspended license or there's nothing here about having a license suspended. We're not dealing with that issue. We're dealing with whether or not, at the common law, if there was a right to a jury if you're fined an amount of money. Well, but how? That's what the provision provides, that that shall remain in violence. Absolutely. Not an administrative proceeding where someone may have their license suspended. Except you couldn't have an administrative proceeding in a murder case or in a case that has what is a severe sanction. Supposedly. So, you know, it's a circular argument. But maybe the legislature could decide murder is a civil offense and not a criminal offense.  Because they don't control the Sixth Amendment. They can't do that. That is precisely the issue at stake here, is whether there is a sufficiently serious sanction here that would invoke a Sixth Amendment argument. I'm not aware that suspending a license has ever been interpreted that way. I'm not aware of it, Your Honor. Again, I would like the court to focus on the issues that the plaintiffs really argue. Jurisdiction. Clearly, statute tells us what we've got to do, and we've tracked the statute. Due process equal protection. That has been decided. It was decided in the Seventh Circuit. It's been decided with respect to administrative review in Van Harken, both federal and state. And third trial by jury. And that's the thing that Justice Gordon is, I think, interested in, and I'm interested in. But the case law seems to be perfectly clear. Major fines. The five cases. Administrative review. No jury. Big fine. Upheld. My mother. Administrative review. Big fine. No problem. Now, what counsel is attempting to do is to take 306 of the vehicle code and forget about the red light camera statute. That's what they did in the pleadings. That's what they did in the entire argument. If you read the pleadings in this case, you wouldn't know there was a state statute involved. Now, the reason, I don't know, maybe they prefer to fight with me rather than the Attorney General, but I was amazed to see the pleadings in this case where they never even raised the statute upon which this whole process is based. We didn't invent this. We took the state statute. 306 describes an act and puts the burden on the driver under 306. But the same act under the red light camera statute puts the burden on the owner of the automobile. And as Justice Gordon pointed out in the Seventh Circuit, recognized. It doesn't put a burden on the owner of an automobile because the owner of the automobile, well, it depends what burden you're talking about. It's not the burden of proving operation of the vehicle because all you have to have is ownership of the vehicle. And doesn't the state have the burden of proving ownership of the vehicle? I would think it does. I would think it can't go after X as the owner of the vehicle that was ticketed without showing that X is the owner of that vehicle. It may not have to show X as being the driver of the vehicle because the statute only does not require proof of being the driver. It requires only proof of ownership. But, Your Honor, if you look at the statute, you look at the owner, and the facts in this case, there is a gap while we determine or the enforcement agency determines the ownership from the Secretary of State. The license, the point is you photograph the license. Once you get the photograph of the license, then you find out who owns the vehicle. It's built into the statute. It's built into the ordinance. It's built into the enforcement. So, if there is a burden, it has to be exercised. You just can't. I don't know whether Ms. Fischetti owned the car or not, but they made it. They got the information. Where do you get the information? You get the information from the Secretary of State. The ownership is a... To refresh me, Mr. Siegel, the state does not have to establish who owns the vehicle. Well, if somebody registers as owner, that's... Well, don't they have to? I mean, who presents the proof of registration or whatever it is that proves ownership? Your Honor, I just had a case here several weeks ago involving public records where state records were... Oh, if it's a matter of judicial notice, fine. But is the burden on the defendant here or on the state? Well, there is no denial here that she owned the car. If she said... Yeah, but we're talking theoretically. So the burden is on the state because the state should provide for the ownership. That's what I thought. Yeah. So we... No, but that's not proof of ownership in court or at the hearing. Your Honor, we can rely upon the records of the Secretary of State. We have to rely on it because it's the only place where we can determine the ownership. There's no question about that. So it's built into the statute, built into the ordinance, and it's built into the administration of these programs. Now, counsel... I mean, it's not a severe burden. It's an easier burden for the defendant to meet and for the state to meet. I mean, to deny ownership is more in the purview of if you're going to go with the classic determination, a burden of proof based on who has control of the proof. Certainly, I agree with that, Your Honor, but that's not an issue in this case. The issues in this case are threefold, as I stated. Okay. Jurisdiction, clearly we have it. Equal protection and due process, clearly we have it under the case law. Trial by jury, they're not entitled to a trial by jury. Now, certainly the penalties in the cases that I cited, Monmouth, Keith, Floyd, Fry, those penalties are more than $100. Now, there's an interesting issue here as to whether this particular plaintiff even had standing. She paid the fine, and her only argument was you don't have jurisdiction. That was the basis upon which she allegedly challenged the ticket after paying it. Well, it was subject matter jurisdiction based on the fact that the ordinance was void. I mean, that's the argument. Sure, but they don't attack the statute. Right. The jurisdictional argument is embedded with an argument involving the statute. Yeah, except what do they say? What is their argument about jurisdiction? The only argument about jurisdiction apparently is on 306, because they say 306 talks about a driver. But that's the only argument. I looked in the brief. I'm trying to figure out what they're talking about when they say jurisdiction. Jurisdiction is in the statute. You can't deny it. We are told that in Crook County, municipalities have the right to adopt a red light camera enforcement program in accordance with the specific statutes. And there's three statutes, which, Your Honor, if you ever have insomnia, all you have to do is read those statutes. But it's clear that what the legislature was doing is constitutional. What the legislature was doing has been recognized with respect to the administrative adjudication aspects, and at least in the Seventh Circuit, with respect to the constitutional issues. And nothing, there is not a single case cited by the plaintiff in this case that rebutts any of my cases. I look, you know, I'm amazed. If you look at that brief, they don't argue any of the points. They don't argue the trial by jury. They really don't argue the jurisdiction. I'm not sure what they argue, except under 306, you have to be a driver. But the point is that 306 describes an act and a subsequent statute, the basic principles of statutory interpretation. Well, the question, I suppose, is whether a plea, if you have an argument based on jurisdiction that looks for support to three or four different theories, whether you have to plead those theories, or is it that being a fact-pleading jurisdiction does not require, is it analogous to not being required to plead evidence? I mean, just in terms of procedurally, because that's what we're talking about. What the pleading prerequisite is. All right. Illinois is a fact-pleading state. Yeah. Now, the question is, do you have to write a memorandum of law when you are having a declaratory judgment or an administrative review action pending where you're making an argument that generically fits a general category? Do you now have to plead all of your supporting theories? No, of course you don't have to. But you just can't plead conclusions. You just can't say that they have a statute. We know that. Okay. We know that. But where is the line to be drawn? But there's no line here, because all they say is you don't have jurisdiction. Because they say it's an invalid statute. They don't say that. They don't even refer to the statute. Do they have to? We refer to it contrary to what counsel says. Do they have to under the pleading prerequisite? They've got to. I have no preordained to. Look, I don't think they have to attack the statute. If they did. Are they prohibited from attacking the statute if the attack on the statute pertains to the contention that there is no jurisdiction? Or is it enough to say no subject matter jurisdiction? Well, but they don't even say that. They say the Schomburg Court didn't have any jurisdiction. Well, there's no such thing as a Schomburg Court. But nevertheless. Does the summary judgment proceeding cure the pleading deficiency? I think I read some, at some point in time, I saw something that says it does. Absolutely. On summary judgment, you've got to rebut. No, I know. But does it plead, does it cure, do the submissions involved in pursuing your summary judgment cure any insufficiencies in the complaint, if they are, in fact, those insufficiencies are supplied in the extrinsic submission for summary judgment? I know it's extrinsic. There's nothing extrinsic. They don't even argue jurisdiction. I looked in their brief. They don't argue jurisdiction. The only thing they say is 306 applies to drivers. That's their jurisdictional argument. There are no questions. 306 applies to drivers. But you can't forget the red light camera statute, which was enacted 12 years, maybe 25 years afterwards. You can't neglect the fact that Schaumburg's ordinance tracks the state statute, which recognizes not only the fact that this is no longer, these violations are civil and not legal, and further recognizes the fact that these are not technically move-in violations. So my curation includes that no one has a fundamental right to run a red light, or a fundamental right to avoid being seen by a camera on a public street. I didn't invent that language that comes from the Seventh Circuit opinion. Now, Ms. Fischetti, and I've never met Ms. Fischetti, does not belong to a protected class, as Your Honor pointed out earlier. The question is, is our ordinance in the state statute rational? And clearly it is. It is for the reasons that Your Honors have already pointed out, pointed out in the Seventh Circuit opinions, and makes a lot of sense. Because these particular actions, as recorded by the red light camera program, are simply a means of traffic control. The plaintiff does not have the right to choose whether she gets to see a motorcycle cop, or whether she can avoid the sign that says, this is a red light intersection. And the statute, the ordinance requires, and they were posted. So when they talk about notice, she surely got notice, because it's up there. That's a requirement. That was a requirement for the ordinance, a requirement for the statute. So to say she doesn't know that this is a red light camera situation, and she could be... Well, you know, you're aware of the fact that there's an 800-pound gorilla that has not been covered in that argument, which is the difference between the violation being attributed to the vehicle as opposed to being attributed to the driver. And that's really the area that is in play here. Well, but the legislature has made that determination, and it's not an irrational determination with all due respect. I mean, insofar as the notice issue, the question is whether a vehicle owner has sufficient notice being referred to a state statute that is imposed on a driver. Well, how can she rely and say, I looked at Section 306, and didn't look at the other... What is the standard, incidentally, of the sufficiency of the notice? Justice McBride talked about the fact that there's a lot of other material in this ordinance that should alert the defendant to what the charge is. The question is, if you have 306, which is applicable to a driver, should that recipient be put to sleep by virtue of the information given by 306 that it refers that it will not impact on her or him as the owner if that owner was not a driver? Well, Your Honor pointed out the distinction earlier on, so I won't repeat that. I'm still aware of it, too. But I will emphasize the fact that there is adequate notice that she can't say, I'll read 306, but I'll forget the red light statute. She can't say, because John Jones was arrested by a police officer, the red light statute is unconstitutional. That makes no sense. None of us have the right to choose the method of enforcement. The legislature does that. They've done that. It's held certainly under the federal constitution, and due process, as Your Honor has recognized, due process and equal protection are the same under the Illinois constitution. There's no issues here. The fact of the matter is we have jurisdiction. No violation of due process or equal protection. No right to trial by jury. Adequate notice. If she can read 306, she can read the red light statute as well. Your Honors, I respectfully request that the decision of Judge Quinn, Judge Harold Quinn, not Thomas Quinn, be affirmed. Thank you. Thank you. Mr. Newman, did you ever amend your complaint? Or is this what we're living with? It was filed on March 19, 2009. The complaint was amended. There was a class, there was an amended complaint filed, and then there was a motion to amend the complaint. But they're essentially the same but for the class action allegations, isn't that right? There were some changes to it. And then the third, the request to amend the complaint for the third time was to clarify exactly what we believe the issues were. But as Your Honor points out, the issues of equal protection, the constitutional issues were raised from day one. Where are they? We cited them in our reply brief. I think we cited 25. If you're referring to your complaint for declaratory judgment and administrative review on March 19, there's no mention of due process. Oh, yes, there is. It is, what's the, it is, what's the. . . It says that you. . . No, that's the page number on the bottom. It's 861. Okay, if you look at. . . 23A. Due process? Violates due process? Yes, and it was raised, it was raised in every motion. There were two different motions that were filed, three motions filed. All right, here's my question. Is this it for your facts, that this is, it simply violates due process? Did you mention any of the other things about why it violates it or is this it? We're going to go with this? No, we did. We did, not only in the complaint, but we did in our briefs, and the judge ruled on the due process. The court, there's no question that the due process was an issue. The court ruled on it twice. I want to point out something that counsel, a response that counsel makes here, and he says that no one has a fundamental right to run a red light. No one's ever claimed that, and that's great that he's citing the Seventh Circuit, but what he ignores is that Gina Fischetti has a fundamental right to notice, a fundamental right to due process, a fundamental right to equal protection, a fundamental right to a trial by jury, a fundamental right to a trial by jury, and she also has a fundamental right under the Illinois Constitution of the presumption of innocence. All of those fundamental rights were thrown out the window. This isn't a case about her ability to run a red light. She didn't run a red light. She wasn't driving the car. And there's no obligation to turn this around and say, we have to prove we weren't driving the car. Since when in the United States does a defendant have to prove his innocence? And that's what's fundamentally wrong with this case. Is driving the car an actual defense to the Seventh Circuit? Is it a defense? Not driving a car would be a defense to 11306. To the ordinance? No, and that's the point. They basically are making the owner liable if his car is used in a certain manner, and that goes back to Posner's rationale. But, first of all, that's not a holding in the case, and I think Judge Posner is very mature. I think he's wrong on this, and when you look at the overwhelming, and I cited them in the appendix, the overwhelming majority of jurisdictions outside of Illinois are doing away with red light districts for the same arguments that I'm making here today. Due process, equal protection, and as you already pointed out, the Minnesota case, I think that that decision. I didn't see a constitutional compulsion being the basis for the decision in Coleman. I'm not exactly sure what it was in the Minnesota case. I didn't see that it was constitutional at all. Well, the Minnesota case, if you read the course of the Minnesota case, and I have it in my brief, the state must prove essential elements of, excuse me, wrong quote, the following presumption that the owner and the driver eliminates the presumption of benefits, which is due process, and shifts the burden of proof from that required by the rules of civil procedure. Therefore, this ordinance provides less procedural protection to a person charged with a federal violation than is provided for a person charged with a violation of the act, and that's the argument that we're making here, and that's what every state is saying. I did not really find the Minnesota case to be seriously entertaining a constitutional equal protection argument. I think it was kind of a loosely drawn decision using constitutional principles as analogies rather than as being the determinative factors. We cited, I believe, a multitude of jurisdictions that all found that these types of provisions are not constitutional, and like I said, the trend right now is... I think we're basically going around and around. We've been through these arguments. I think the issues stand as whether the state can, or a state or body politic, can change the characterization of an act from being criminal to being civil, or maintain the dual aspect of the act of being both criminal and civil, and whether it can loosen the requirement with respect to its characterization of it being civil, and whether being civil as a characterization applies in the context of traffic violations with the penalties exposed there, as opposed to more substantively criminal conduct which can involve imprisonment and perhaps to the extent that money plays a part, where the monetary penalty can be so substantial that it would no longer be appropriate to call it so. And those are issues that have been raised, and there's no point in... Unless you have something new to offer. Well, I want to address a couple of things. Are you going to talk about vagueness? I want to address a few issues that he raised. The first was that counsel suggested there's no argument about jurisdiction. He read my brief, can't find any argument. And he's wrong, because the very first argument in my brief, which is entitled Defendant had no jurisdiction to administratively adjudicate plaintiff's moving violation. I cite the one statute, which... Now, granted there's arguments, that arguments can be made, and I understand there's arguments, but I cite the one statute, which is probably the most controlling statute here, and that is the statute that gives all administrative courts jurisdiction. It's the grandfather statute, and it's 65 ILCS 51-2.1-2. That provision, and I'm just going to read you the end of it, talks about administrative proceedings in your jurisdiction, and it says what they don't have jurisdiction is any offense under the Illinois Vehicle Code or similar offense that is a traffic regulation governing the movement of vehicles. I don't know if you can get any clearer on that. That's the enabling statute for the administrative court. The enabling statute is a legislative act that the legislature is free to modify. And if, in fact, 208 comes along by the same legislature to modify the impact of the enabling statute, where is your problem? Because, well, that's the argument. I'm not going to answer that counsel, otherwise we'll move to another subject. Because to be blunt, they didn't do it right. That's the answer. They didn't do it right. This is the problem with the statute. You know, the legislature has the ability to do all kinds of things, but it's not for this court to make a determination. You're saying Schauburg didn't do it right. No, I'm saying both Schauburg and the Illinois legislature didn't do it right. But you didn't say that in your complaint. You said a lot of things that are not in any of your complaints, and you're going to be held to that. But you say that. I say that in every plea to the legislature. I don't even see equal protection. The trial court told you there were many things that you didn't raise in your complaint, and you will be bound by that. And as this court and the trial court point out, the argument for equal protection and due process are identical. That doesn't mean you raised it. Please. That's kind of basic. No, I understand that. I understand that. We raised it in all our pleas, and when the court made the argument that we didn't, we asked them to raise it. You haven't been able to convince anyone that this is a fundamental right, have you, or a suspect class? So are we looking at a rational basis or aren't we? No, we are. No. Is there any rational basis for this legislation? No, it's not. I apologize. It's not a rational basis, because the argument we're making is that we have a fundamental right to a trial by jury. No, the issue is not whether or not we have a fundamental right to a civil violation. You certainly don't have that right, as far as we're concerned, under the federal statute, nor do you argue it, because I presume under the supremacy clause, the Seventh Circuit might be more than of persuasive impact. We may actually, I'm not sure about this, but something to explore. We're certainly bound by the United States Supreme Court in its determination of what's included in the federal constitution. The question is, what about the federal appellate courts? It certainly is more than persuasive that the federal constitution is not determined here to be, has not been determined here to be violated. So it all boils down to lockstep, and the question is, is our state constitution going to expand the notion of entitlement to trial by jury beyond the federal act? And there are rules of construction that Paul talks about, which certainly are going to have to be studied here before we render an opinion. We are aware of the fact that there is no language in the state statute that would give us a heads-up on whether this is one where Illinois wants to sail its own course. And that is one of the factors that we look at in determining whether there's going to be a lockstep. But again, we're not there yet. But, you know, a large part of your case has kind of sailed out from under you, under the federal constitution, because right now you're left with the argument that we are not going to be in lockstep. And that's going to be a tough argument to overcome. And I'll overcome it very simply, Judge. The federal case, there is no federal right to a jury for an automobile ticket. The federal case does not deal at all with the issue of the right to jury. But there is a state right to a jury, and I cite the case called the Illinois Supreme Court case. There is an absolute right to a trial by jury. And I posed this earlier. This was a right, but if this was really the issue. According to Posner, and again, even if the state did not have the latitude of converting the criminal act into a civil act, even if it remained a criminal act, your right to jury in a traffic court case is at best going to be tenuous. I think under People v. Worley, it's absolute. I think under State v. Those were cases decided before there was any conversion of the act into a civil act. They were, and those violations in Worley, which was an early state court case, predated all the state court cases. That's my point. What I'm saying is that there is an absolute right for trial by jury if you get a violation of 11-306. That's established by the Illinois Supreme Court in a ton of Apollo Court cases. But now, there's only so far that you can carry this 306 argument. Because 306 is not just a creature of 306. It's a creature of all the legislation that has bearing on 306, which includes 208. Let's take a step back and go to the very first issue. I think we're kind of hammering away at matters that you've already ably laid out for us, and I'm not bottom-lining it. I think what's happening is, in my opinion, some of these arguments are getting off track. But I'm glad to hear that you're not making a vagueness argument here, because that's a loser. For sure. But because vagueness only applies to the specific circumstance under which it is raised. And if your clients were not the driver, then there would be some basis for arguing vagueness with your other arguments involving the confusion between 306 and the ordinance 78. But having been the driver, she's not hurt by any lack of clarity. So, as far as vagueness is concerned, that's out of the picture. So, I'm happy to hear that you agree. I just have really one and a half final points. You made that comment about separation of powers. I did make an argument about separation of powers. It's the very first argument in my brief. It's kind of an argument that is already seen today. No, not at all. Because what you had is the jurisdiction of the court has the right to adjudicate criminal conduct, which in this case would be a violation of the motor vehicle code. The executive branch does not. That's a separation of powers. But that goes back, I remember, even from my law school days. That was the argument raised in the early part of the New Deal to prevent all of these commissions that were set up by President Roosevelt, these administrative tribunals, that were either quasi-judicial or quasi-legislative. And that already was decided back then and there, that commissions could exercise quasi-judicial powers. And so when you have an administrative agency exercising what purports to be an adjudicative determination, that doesn't upset us in terms of considering that to be a usurpation of our courts. And nor should it. But when you have the administrative court adjudicating matters, which I remember struggling in, and that's already declined, you brought up the point, what would prevent the legislature or the village to codify by way of ordinance murder, rape, or any other crime? Nothing would. In those cases, if they were really able to organize a proper adjudicatory process for those crimes, which there would have to include the right to trial by jury and a right to burden of proof, those administrative tribunals may very well turn out to be legislative courts, which the feds have with their magistrates. Because at that point, they would be functioning totally as courts, and there you would have probably re-raised the problem of having the question of conflict of interest, which in ordinary administrative agencies has been kind of dismissed as not being terribly serious, and there is the fact that the judges get paid by the same entity that also pays the prosecution, and there is a bit of the French civil system where the judges also are encouraged to ask questions, although we're not prohibited from asking clarification questions ourselves, so that doesn't make us prosecutors necessarily. On that argument, and that argument, I'd ask the court to review State v. Harris. That's the case that I think is kind of on point here that talks about the right to trial by jury, and what that means before the conversion. I understand that. I'm just talking about that right, because when you talk about the conversion, it's the conversion which creates the due process problem. So let me conclude with this, and this is the point I'd like to leave you with. This ticket, Gina got a ticket, the plaintiff in this case, got a ticket for violating 78.02 of the Shelburne Code. The ticket is, I think, page 1 of the exhibit that we've attached here. She didn't violate 11208.6. Nowhere on the ticket is there any violation of 11208.6. Okay? Nowhere in the ordinance that Shelburne is seeking to enforce is there any reference to 11208.6. The only reference in that entire ordinance with regard to this is 306, and 306 is the conduct. And then I would say, does there have to be a reference when you refer to a violation? Does there have to be a reference in the provision, in addition to the provision, that constitutes the operational violation of all of the modifications that that regulation is subjected to, either by other regulations or by court? I don't, and I would say to the extent that if you're going to codify what the wrongful conduct is, X is the wrongful conduct, then X is the wrongful conduct. I don't think it's incumbent upon the citizens to try to be lawyers when, frankly, the lawyers and the judges can't figure out. There is a point to consider there, counsel. I'm not going to be as dismissive about that. And I want to quote to you, this goes along with what I'm saying here. People v. Smith, a case I cited in my opening brief, the state must prove the essential elements of a charging instrument as alleged without variance. The charging instrument in this case is, and the ticket's attached, that she violated 78.02. 78.02 says she has to violate 11306. I know it's kind of a stunt there. 11306, as everyone here has agreed, and I think even the defendant agrees, doesn't provide for tickets to be issued to automobiles. So the state has to prove the charges. And they can't, they can never do it under this, under the red line payment. They can't do it because they've incorporated. And like you asked earlier, you know, is it, you know, what's the challenge here? Could they fix it? There are ways they can fix it. I'm not going to tell them how I think they can fix it. But as it's written right now, the way it's written right now, they can't fix it. This is invalid because they cannot prove the essential charging elements, which is required in any criminal, quasi-criminal charge, whether it's an administrative adjudication or a criminal adjudication. They still have to prove those charges. They can't. And yet what you have here, counsel, at this point is a conflict between what you say in a technical, from a technical perspective and what is clearly intuitive. What's clearly intuitive here is that nobody's going to make any mistakes. That's what the gut tells you viscerally. The question is whether that's going to be enough or whether there is a bright line that determines when the notice is deficient as opposed to when it isn't. Even though in this particular context, as Justice McBride pointed out, there is no way that anyone who reads this ordinance, which makes clear that it goes to the vehicle, that when it points to 306, it ignores the fact that it goes to the vehicle and pertains only to the driver. There is a glitch here. And when you said earlier that it could have been done perhaps, that the amendment could have been crafted better, you've proven that. It could have been crafted better. The question is whether the deficiency in that craftsmanship is all you need. And you cannot have notice of 208.6 under any circumstances when the ordinance itself makes no difference to it. And we can arbitrate, and that doesn't have to make a reference in a technical sense, because 306 embodies within it all of its juridical interpretation, which encompasses all other statutes that may be operative to help us interpret 306. And I'll finish with this. I go back to what 306 says. 306 on its face says, you know, after many years of being on my feet like you, I've earned the privilege of being able to mandate who gets the last word, and I will yield it to you. And I appreciate that, and thank you for your patience. I know this case went a little bit longer than anticipated. But this case boils down to, I said what the issue was here in the beginning, and it's not whether or not Gina Fischetti has a right to run a red light. It's how is Gina Fischetti treated with respect to everybody else who's operating a motor vehicle, and how does Gina Fischetti know what conduct is prohibited? And she received a ticket, which makes no reference to the statute that they cite, and the statute that they cite draws a distinction between getting the same exact ticket from a police officer versus getting it from an administrative court, which the rights are so fundamentally different. It's beyond the scope of even arguing, because you have no rights to this ticket. I said last word. I didn't say last sentence. Thank you, and I appreciate your time. Thank you, counsel. Thank you, gentlemen. This case will be taken under advisement. This case was exceedingly well briefed. The arguments were most interesting and not at all fully resolved, and will be given us much to think about. Thank you.